NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| **LOUISIANA TRANSPORTATION,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 11-3435 (CCC)** |
| **v.** | : | |
| | : | **OPINION** |
| **COWAN SYSTEMS, LLC a/k/a** | : | |
| **COWAN SYSTEMS, INC.; and** | : | |
| **DOLE FOOD CO., INC.; j/s/a.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

**CECCHI**, **District Judge.**

I.      <u>INTRODUCTION</u>

This matter comes before the Court on the motions of Defendants Cowan Systems L.L.C. ("Cowan") and Dole Food Co., Inc. ("Dole") (collectively, "Defendants") to dismiss Plaintiff Louisiana Transportation, Inc.'s ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court has considered the submissions made in support of and in opposition to the instant motions.[1]  The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  Based on the reasons that follow, Defendants' motions to dismiss are granted.

---

[1] The Court considers any new arguments not presented by the parties to be waived.  <u>See Brenner v. Local 514, United Bhd. of Carpenters & Joiners</u>, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II.   <u>BACKGROUND</u>

Plaintiff filed its original Complaint against Cowan and Dole on June 14, 2011, and its Amended Complaint on August 24, 2011.   The Amended Complaint alleges that between October 2006 and January 2007, Plaintiff "undertook transportation and related services at the specific request" of Cowan and "on behalf" of Cowan's customer, Dole.  (Amended Complaint First Count ¶ 2.)   Cowan was therefore the "direct customer" of Plaintiff, while Dole was the "consignee and/or beneficial owner of the cargo" transported by Plaintiff.  (<u>Id.</u> ¶¶ 3-4.)  Plaintiff alleges that although it issued bills for its services, neither Cowan nor Dole paid Plaintiff for the services rendered.  (<u>Id.</u> ¶¶ 5-8.)  Plaintiff raises several state claims, including breach of contract, breach of a book account in the sum of $90,341.67, breach of promise, <u>quantum</u> <u>meruit</u> for the reasonable value of the services provided, breach of promise to pay the requested sum, breach of an alleged agency agreement between Dole and Cowan and breach of an alleged promise with intentional failure to pay.  (<u>Id.</u> Second Count ¶¶ 1-3; Third Count ¶¶ 1-3; Fourth Count ¶¶ 1-3; Fifth Count ¶¶ 1-3; Sixth Count ¶¶ 1-8.)[2]

---

[2] Plaintiff references a "contract" and supporting documents that governed Plaintiff's provision of services.  (Amended Complaint Sixth Count ¶¶ 3-6.)  However, Plaintiff did not attach the contract to its Amended Complaint.  Although "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when deciding a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  Here, Defendant Cowan has attached to its motion to dismiss bills of lading, invoices and several other documents relating to the alleged shipments.  (Def. Motion to Dismiss Ex. B.)  Defendant argues that, based on these documents, "the transactions that are the subject of the instant action involved the interstate carriage of goods."  (Cowan Br. 5.)  Plaintiff necessarily relies on the services it provided to Defendants for its claims.  Further, Plaintiff does not dispute that the documents are authentic, and Plaintiff "obviously is on notice of the contents of the document." <u>Pension</u>, 998 F.2d at 1196-97.  As such, considering the documents as part of Defendants' motions to dismiss is appropriate.  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on

In addition, Plaintiff claims that Cowan "held itself out as negotiating payment terms for the services rendered, but intentionally failed to conclude negotiations in order to retain the funds paid."   (Amended Complaint Seventh Count ¶ 3.)   Plaintiff further alleges that Cowan "intentionally lengthened the negotiations, and made representations as to the payment(s) forthcoming, in order to unjustly enrich itself."   (Id. ¶ 5.)   As such, Plaintiff argues that Defendants are subject to "Promissory Estoppel as to the payment(s) promised in this matter" and "are equitably estopped from denying that they made numerous representations of negotiating and providing payment to plaintiff, upon which plaintiff relied to its significant detriment."  (Id. ¶¶ 7-8.)[3]

Cowan filed its Motion to Dismiss on October 13, 2011.  Dole filed its Motion to Dismiss on January 27, 2012.

## III.   DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(6)

### A.  Legal Standard

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. Cnty. of Allegheny, 515

_____

which it relied."   Id. at 1196.  Based on both the documents submitted by Defendant and Defendant's arguments, the Court assumes that all shipments for which Plaintiff now seeks payment involved interstate, and not intrastate, shipments.  Plaintiff has not provided any argument to the contrary.

[3] Although Plaintiff's Complaint does not specifically label the Seventh Count as one for "fraud" or "equitable estoppel," the Court will consider Plaintiff's Seventh Count as such.

F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 129 S. Ct. at 1949.

**B.  DISCUSSION**

**1.  Plaintiff's Claims against Cowan and Dole are Preempted Under the Carmack Amendment**

As stated above, Plaintiff asserts a multitude of state law claims for unpaid transportation services it provided to Defendants, including a book account claim, breach of contract, breach of promise, quantum meruit and certain fraud and estoppel claims.  (Amended Complaint 2-6).

Congress first regulated the transportation of goods and people among the states under the Interstate Commerce Act ("ICA").  See Verizon Commc'ns, Inc. v. F.C.C., 535 U.S. 467, 478 n.3 (2002) ("The first noteworthy federal rate-regulation statute was the Interstate Commerce Act of 1887, 24 Stat. 379, which was principally concerned with railroad rates but generally governed all interstate rates.").  Subsequently, in 1995, Congress passed the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. Ch. 137.  See Munitions Carriers Conference, Inc. v. U.S., 147 F.3d 1027, 1032 (D.C. Cir. 1998).  Collectively, these statutes have become known as the "Carmack Amendment," codified at 49 U.S.C. § 14706 et seq.  In particular, 49 U.S.C. § 1407 provides:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part.  That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading.  The liability imposed under this paragraph is for the actual loss or injury to the property . . .

4

49 U.S.C. § 13501 further provides that "[t]he Secretary and the Board have jurisdiction, as specified in this part, over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier— (1) between a place in— (A) a State and a place in another State; . . . or (E) the United States and a place in a foreign country to the extent the transportation is in the United States."

Plaintiff contends that its state law claims survive despite the preemptive language of the Carmack Amendment because the statute contains a clause that states "[e]xcept as otherwise provided . . . the remedies provided under this part are in addition to remedies existing under another law or common law."  49 U.S.C. § 13103; (Pl. Opp. 2.)[4]  Plaintiff also claims that the Carmack Amendment was meant to supersede only state law claims that related to "lost or damaged property."  (Pl. Opp. 2.)  Defendants argue that because this is an action emanating from interstate transportation of goods, the Carmack Amendment completely preempts Plaintiff's state law claims.

The Supreme Court has held that the Carmack Amendment completely preempts *all* state law claims relating to the loss or damage of interstate shipments.  See Adams Express Co. v. Croninger, 226 U.S. 491, 505-06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that *Congress intended to take possession of the subject and supersede all state regulation with reference to it*.") (emphasis added); Missouri, K. & T.R. Co. of Texas v. Harris, 234 U.S. 412, 420 (1914) ("With respect to the specific effect

---

[4] Plaintiff does not reference the relevant section of the Carmack Amendment that provides that "[n]o State . . . may enact or enforce a law, regulation, or other provision having the force and effect of a law related to a price, route or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property."  49 U.S.C. §14501(c)(1).

of the Carmack Amendment . . . the special regulations and policies of particular States upon the subject of the carrier's liability for loss or damage to interstate shipments and the contracts of carriers with respect thereto, have been superseded."). The Third Circuit has upheld the broad reach of the Carmack Amendment in preempting state law claims. See Lewis v. Atlas Van Lines, Inc., 542 F.3d 403, 408 (3d Cir. 2008) (finding Plaintiff's state law claims preempted by the Carmack Amendment, and citing to Georgia, F. & A. R. Co. v. Blish Milling Co., 241 U.S. 190, 196 (1916) for the proposition that the Carmack Amendment covers "all losses resulting from *any failure* to discharge a carrier's duty as to *any part* of the agreed transportation") (emphasis added).

Further, courts in this Circuit have found that the Carmack Amendment broadly preempts claims other than those that relate to lost or damaged goods. See Yellow Trans., Inc. v. DM Trans. Mgmt. Serv., Inc., No. 06-1517, 2006 U.S. Dist. LEXIS 51231, at *9-11 (E.D. Pa. July 13, 2006) (finding plaintiff's claims of misrepresentation, unjust enrichment, quantum meruit, and fraud preempted by the Carmack Amendment). Other Circuits have also found preemption of claims that are unrelated to lost or damaged goods. Tran Enters., LLC v. DHL Express (USA), Inc., 627 F.3d 1004, 1007-09 (5th Cir. 2010) (preempting claims of breach of fiduciary duty, breach of contract, conversion and theft under Texas law and explaining that "the Supreme Court and Fifth Circuit have found preemption not only in cases where there was actual damage to the goods shipped, but also when there has been '*any failure* to discharge a carrier's duty with respect to any part of the transportation to the agreed destination'") (emphasis added); CGH Transp., Inc. v. Quebecor World, Inc., 261 Fed. App'x 817, 818-25 (6th Cir. 2008) (granting

6

motion to dismiss plaintiff's claim based on defendant's failure to remit payment as required by the parties' contract).[5]

Accordingly, the Court finds that Plaintiff's state law claims for breach of contract, breach of a book account, breach of promise, quantum meruit for the reasonable value of the services provided, breach of promise to pay the requested sum, breach of an alleged agency agreement between Dole and Cowan, and breach of alleged promise with intentional failure to pay are covered under the scope of the Carmack Amendment.  As a result, Plaintiff's claims are subject to complete preemption.

### 2.  Plaintiff's Claims are Time-Barred Under 49 U.S.C. § 14705

Having found that Plaintiff's claims are subject to the Carmack Amendment, the Court will now address whether Plaintiff's claims are time-barred.

The Carmack Amendment's statute of limitations, entitled "[l]imitation on actions by and against carriers"— which Defendants both cite in their motions to dismiss— states that "[a] carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within *18 months after the claim accrues*."  See 49 U.S.C. § 14705(a) (emphasis added).  Further, "[a]

---

[5] Plaintiff cites to Rini v. United Van Lines, Inc., 104 F.3d 502, 505-06 (1st Cir. 1997) in support of its contention that the Carmack Amendment does not preempt its state law claims.  In that case, the Court of Appeals for the First Circuit held that a claim of intentional infliction of emotional distress may not be preempted by the Carmack Amendment.  Id.  However, Plaintiff has not pleaded intentional infliction of emotional distress.  In addition, in Rini, the plaintiff's state law claims of negligence and misrepresentation were in fact preempted by the Carmack Amendment. In fact, the Rini Court held that "[p]reempted state law claims . . . include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims."  Rini, 104 F.3d at 506.  Thus, the Rini case does not support Plaintiff's position.

claim related to a shipment of property accrues under this section on delivery or tender of delivery by the carrier."  49 U.S.C. § 14705(g).

Plaintiff provided its transportation services between October 2006 and January 2007. Plaintiff's original action against Cowan was filed on June 14, 2011.  (Amended Complaint Ex. A, at 1-2.)  Thus, this action was commenced, at a minimum, four years and five months after Plaintiff's final claim against Cowan and Dole had accrued.  This Court therefore holds that Plaintiff has failed to meet the applicable statutory limitations period under § 14705(a). Accordingly, Plaintiff's claims for unpaid transportation services are time barred under the Carmack Amendment.

### 3. Plaintiff Did Not Properly Plead a Cause of Action for Fraud or Equitable Estoppel

Plaintiff argues that even if the Court were to find the Carmack Amendment controlling, the Court should consider its fraud and estoppel claims as "outside the general scope of the Code."  (Pl. Opp. 2.)[6]

First, the Court finds that Plaintiff's fraud and equitable estoppel claims are preempted by the Carmack Amendment.  This District has held that a plaintiff's consumer fraud claim, which the plaintiff argued was "independent from the loss or damage to goods" and concerned "separate and distinct conduct," should be considered under the Carmack Amendment. Berryman v. Wheaton Van Lines, Inc., No. 06-5679, 2007 U.S. Dist. LEXIS 32218, at *7 (D.N.J. May 2, 2007); see also Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 345 (D.N.J. 2001) (finding that the plaintiff's claims of fraud as to the bill of lading were preempted).

---

[6] Plaintiff does not claim that Dole made any misrepresentations.  Thus, the Court only addresses these claims as they relate to Cowan.  (Dole Reply 4.)

Even if Plaintiff's fraud claims were not preempted by the Carmack Amendment, Plaintiff fails to properly plead this cause of action.  Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud."  To satisfy this pleading standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004)).  The plaintiff must also allege "who made the purported misrepresentations and what specific misrepresentations were made." Gutierrez v. TD Bank, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *8 (D.N.J. Jan. 27, 2012).  Plaintiff only asserts that Cowan "made representations as to the payment(s) forthcoming, in order to unjustly enrich itself," and that "Plaintiff relied to its severe economic detriment on the representations" of Cowan.  (Amended Complaint Seventh Count ¶¶ 5-8.)  Thus, Plaintiff's fraud claim does not meet the clear requirements of Rule 9(b).

In terms of equitable estoppel, the Court has held that "a party may be relieved of the claim limitation when 'one party has reasonable [sic] relied on the conduct or statements of another [and] the relying party suffer[ed] harm as a result of [that] reliance.'" Usinor Steel Corp. v. Norfolk S. Corp., 308 F. Supp. 2d 510, 519 (D.N.J. 2004).  However, "in light of the Carmack Amendment's goal toward uniformity, estoppel has been applied *sparingly* to circumvene the terms of a bill of lading, and then *only to advance the statutory purpose*." Id. (emphasis added). Thus, a party may only rely on estoppel when "the party being estopped has taken some

affirmative steps to *induce the other party into believing that there was no need to file a claim.*" Id. (emphasis added).[7]

Here, Plaintiff merely alleges that Cowan intentionally lengthened the negotiations in order to unjustly enrich itself and that Plaintiff relied to its detriment on Cowan's representations.  (Seventh Count ¶¶ 5-6.)  Plaintiff does not provide any details or facts regarding the alleged misrepresentations or Cowan's affirmative steps of "inducing" Plaintiff into believing that there was no need to file a claim.  More importantly, even if Cowan intentionally lengthened the negotiations and made misrepresentations, Plaintiff makes no connection between these actions and Plaintiff's *four year* delay in bringing suit.  Thus, Plaintiff has failed to properly plead equitable estoppel.[8]

### 4.  Plaintiff's Claims Regarding International Ocean Freight

Plaintiff introduced a new argument in its opposition that the "Carmack Amendment may not be applicable in this matter as the bills hereinquestion may, in fact, be part and parcel of international ocean freight, and therefore not subject to the Carmack Amendment."  (Pl. Opp. Cowan Mot. 2; Pl. Opp. Dole Mot. 3.)  Plaintiff attached to its opposition a seemingly unrelated bill that was not included in its Amended Complaint.  The Amended Complaint makes no reference to any international shipping on behalf of Cowan or Dole.  Further, Plaintiff does not

---

[7] For example, in Action Drug Co. v. Overnite Transp.Co., 724 F. Supp. 269 (D. Del. 1989), a case cited by Plaintiff, a carrier was equitably estopped from asserting the nine-month limitations period as a defense to a shipper's claim for damages because the carrier repeatedly represented that the delivery, which did not actually reach its destination, had already been made.

[8] Plaintiff refers to this claim as "promissory estoppel" in its Amended Complaint, but later states that Defendants should be "equitably estopped from denying that they made numerous representations . . . upon which plaintiff relied to its significant detriment."   (Amended Complaint Seventh Count ¶ 8.)

contest the validity of Cowan's documents, which show that Plaintiff's provision of transportation services involved interstate shipping of goods within the United States.

Even if Plaintiff shipped goods overseas for Defendants, Plaintiff still has not provided any evidence that its claims are not preempted by the Carmack Amendment. <u>See</u> 49 U.S.C. § 13501(1)(e) ("The Secretary and the Board have jurisdiction, as specified in this part, over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier— (1) between a place in— (E) the United States and *a place in a foreign country* to the extent the transportation is in the United States.") (emphasis added). Thus, as further explained below, if Plaintiff wishes to pursue claims related to international ocean freight, it must file a Motion to Amend within fourteen (14) days of the date of this Opinion.

## IV.   <u>CONCLUSION</u>

Based on the reasons set forth above, Defendants' motions to dismiss Plaintiff's Amended Complaint are granted and Plaintiff's Amended Complaint is dismissed without prejudice. If Plaintiff seeks to amend its complaint to include claims for international ocean freight, it must file a Motion to Amend within fourteen (14) days of this Opinion and accompanying Order. Plaintiff's Motion to Amend must provide sufficient factual allegations indicating how or why Plaintiff's claims for international ocean freight are not completely preempted by the Carmack Amendment. If Plaintiff does not file such Motion to Amend within this prescribed time period, Plaintiff's Amended Complaint shall be dismissed with prejudice.

An appropriate Order accompanies this Opinion.


DATED:  May 10, 2012

_s/Claire C. Cecchi_
**CLAIRE C. CECCHI, U.S.D.J.**